IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JAMES RIVER INSURANCE COMPANY, a foreign insurer,<br><br>Plaintiff,<br><br>v.<br><br>VIN GROUP LLC, d/b/a STAGE SEATTLE, a Washington Limited Liability Company; ANANDKUMAR REGUPATHY, an individual; and TYRONE HENDERSON, an individual,<br><br>Defendants. | No. 2:25-cv-1457<br><br>**COMPLAINT FOR DECLARATORY RELIEF** |

Plaintiff James River Insurance Company (James River) submits the following Complaint for Declaratory Relief.

## I.    INTRODUCTION

1.1    This is an insurance coverage action seeking declaratory relief pursuant to 28 U.S.C. §§ 2201 and 2202. James River seeks a determination that it does not owe a duty to defend or indemnify Vin Group LLC, d/b/a Stage Seattle (Vin Group), or Vin Group's former employee Anandkumar Regupathy (Regupathy) (collectively "Stage Seattle"), under the Policy of

insurance issued by James River with respect to the claims brought by Tyrone Henderson (Henderson) in *Tyrone Henderson v. Vin Group, d/b/a Stage Seattle, et al.,* King County Superior Court Cause No. 24-2-29905-0 SEA (the "Underlying Lawsuit").

## II.     PARTIES

2.1     Plaintiff James River is a foreign insurer organized under the law of the State of Ohio with its principal place of business in the State of Virginia.

2.2     Upon information and belief, Defendant Vin Group is a Washington Limited Liability Company. Upon information and belief, all managing members of Defendant Vin Group are citizens of Washington State.

2.3     Upon information and belief, Defendant Regupathy at all relevant times was a citizen of the State of Washington.

2.4     Upon information and belief, Defendant Henderson at all relevant times was a citizen of the State of Washington.

## III.     JURISDICTION AND VENUE

3.1     The James River Policy issued to defendant Vin Group contains policy limits of $1 million per occurrence.

3.2     Upon information and belief, the claims alleged by Henderson in the Underlying Lawsuit exceed the limits of the Policy of insurance issued to Vin Group.

3.3     Given the exposure present in the Underlying Lawsuit, the amount in controversy for this matter is the limit of the James River Policy issued to Vin Group, $1 million.

3.4     This Court has jurisdiction over this claim pursuant to 28 U.S.C. § 1332 as the amount in controversy exceeds $75,000.00.

3.5     Venue is proper with this Court pursuant to 28 U.S.C. § 1391 as this case involves a claim for insurance coverage stemming from the alleged losses that occurred in Seattle, Washington, and all individual defendants reside within this judicial district.

## IV.     FACTS

**A.     Background**

4.1     At all relevant times, Defendant Henderson was operating as an employee for Vin Group.

4.2     At all relevant times, Defendant Regupathy was acting as a managing member of Vin Group.

4.3     On December 30, 2024, Henderson filed the Underlying Lawsuit against Vin Group and Regupathy.

**B.     The Underlying Lawsuit**

4.4     In the Underlying Lawsuit, it is alleged that Henderson was employed by Vin Group under the direct supervision of Regupathy from approximately August 2019 to January 1, 2022, at Vin Group located at 172 S Washington Street, Seattle, Washington, at the Stage Seattle nightclub. Henderson was employed at the nightclub as a General Manager.

4.5     It is alleged that the location where Stage Seattle was operating had a well-documented history of violent incidents, including shootings, assaults, and other disturbances.

4.6     Henderson alleges that during the time of his employment, he repeatedly raised concerns with Regupathy regarding insufficient security measures at Stage Seattle and escalating violence in the surrounding area.

4.7     It is alleged that Stage Seattle not only ignored Henderson's warnings and

concerns but also directed Henderson to reduce the number of security personnel hired for a 2022 New Year's Eve event.

4.8   Due to the inadequate security procedures employed, on January 1, 2022, an individual entered Stage Seattle with a firearm.

4.9   It is alleged that this individual was involved in an altercation inside Stage Seattle, resulting in the firearm discharging and striking Henderson while he was engaged within the scope of his employment for Vin Group (the "subject incident").

4.10   Henderson sustained injuries as a result of the shooting, including a gunshot wound to the shoulder that is alleged to have permanently affected his physical capabilities.

4.11   It is further alleged that following the subject incident, Regupathy suppressed Henderson's workers' compensation claim resulting in further damages to Henderson as a result of denied benefits.

4.12   The Underlying Lawsuit also claims that on or about December 11, 2023, the Washington Department of Labor and Industries (L&I) issued a formal notice that Regupathy had suppressed Henderson's claim.

C.   **Stage Seattle's Tender to James River**

4.13   On April 11, 2025, Plaintiff James River was notified of the Underlying Lawsuit.

4.14   On May 23, 2025, Plaintiff James River agreed to defend Vin Group and Regupathy in the Underlying Lawsuit subject to an express Reservation of Rights.

V.   **THE JAMES RIVER POLICY**

A.   **Identification of the Policy**

5.1   James River issued a Policy of insurance to Vin Group, Policy number 00118772-

COMPLAINT FOR DECLARATORY RELIEF – 4

0, providing coverage from June 28, 2021, to June 28, 2022 (hereinafter the "Policy").

5.2  The Policy contains limits of insurance of $1 million each occurrence and $2 million in the aggregate.

**B.  Relevant Provisions of the James River Policy**

5.3  The Policy's Insuring Agreement States as follows:

**SECTION I – COVERAGES**

**COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

**1.  Insuring Agreement**

a.  We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result. But:

(1) The amount we will pay for damages is limited as described in Section III – Limits of Insurance; and

(2) Our right and duty to defend ends when we have used up the applicable limit of insurance in the payment of judgments or settlements under Coverages A or B or medical expenses under Coverage C.

No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under Supplementary Payments – Coverages A and B.

  b. This insurance applies to "bodily injury" and "property damage" only if:

    (1) The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory."

    (2) The "bodily injury" or "property damage" occurs during the policy period; and

    (3) Prior to the policy period, no insured listed under Paragraph 1. of Section II – Who Is an Insured and no "employee" authorized by you to give or receive notice of an "occurrence" or claim, knew that the "bodily injury" or "property damage" had occurred, in whole or in part. If such a listed insured or authorized "employee" knew, prior to the policy period, that the "bodily injury" or "property damage" occurred, then any continuation, change or resumption of such "bodily injury" or "property damage" during or after the policy period will be deemed to have been known prior to the policy period.

  c. "Bodily Injury" or "property damage" which occurs during the policy period and was not, prior to the policy period, known to have occurred by any insured listed under Paragraph **1.** of Section **II** – Who is An Insured or any "employee" authorized by you to five or receive notice of an "occurrence" r claim, includes any continuation, change or resumption of that "bodily injury" or "property damage" after the end of the policy period.

  d. "Bodily injury" or "property damage" will be deemed to have been known to have occurred at the earliest time when any insured listed under Paragraph **1.** of Section **II** – Who Is An Insured or any "employee" authorized by you to give or receive notice of an "occurrence" or claim:

COMPLAINT FOR DECLARATORY RELIEF – 6

    (1) Reports all, or any part, of the "bodily injury" or "property damage" to us or any other insurer,

    (2) Receives a written or verbal demand or claim for damages because of the "bodily injury" or "property damage"; or

    (3) Becomes aware by any other means that "bodily injury" or "property damage" has occurred or has begun to occur.

  e. damages because of "bodily injury" include damages claimed by any person or organization for care, loss of series or death resulting at any time from the bodily injury".

CG 00 01 12 07

  5.4 The Policy contains the following Stop Gap Liability Endorsement:

**STOP GAP LIABILITY ENDORSEMENT**

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE

…

**A.** The following is added to **Section 1 – Coverages**

**COVERAGE – STOP GAP LIABILITY**

  1. **Insuring Agreement**

    a. We will pay those sums that the insured becomes legally obligated by the law in the state named in this endorsement, to pay as damages because of "bodily injury by accident" or "bodily injury by disease" to your "employee" to which this insurance applies. We will have the right and the duty to

defend the insured against any "suit" seeking damages to which this insurance does not apply. We may, at our discretion, investigate any accident and settle any claim or "suit" that may result. But:

(1) The amount **we** will pay for damages is limited as described in the **limits of Insurance** section of this Policy; and

(2) Nothing in this indorsement will increase the Limits of Insurance shown in the Declarations of this Policy; and

(3) Our right and duty to defend end when we have used up the applicable limit of insurance in the payment of judgment or settlement under this coverage.

No other obligation or liability o pay sums or perform acts or services is covered unless explicitly provided for under Supplementary Payments.

  **b.** This insurance applies to "bodily injury by accident" or "bodily injury by disease" only if:

(1) The:
 (a) "Bodily injury by accident" or "bodily injury by disease" takes place in the "coverage territory";

 (b) "Bodily injury by accident" or "bodily injury by disease" arises out of and

COMPLAINT FOR DECLARATORY RELIEF – 8

LETHER LAW GROUP
1848 WESTLAKE AVENUE N, SUITE 100
SEATTLE, WA 98109
P: (206) 467-5444  F: (206) 467-5544

in the course of the injured "employee's" employment by you; and

(c) "Employee", at the time of the injury, was reported and declared under and subject to a "worker's compensation law" of the state named in this endorsement; and

  (2) The:

(a) "Bodily injury by accident" is caused by an accident that occurs during the policy period; or

(b) "Bodily injury by disease" is caused by or aggravated by conditions of employment by you and the injured "employee's" last day of last exposure to the conditions causing or aggravating such "bodily injury by disease" occurs during the policy period.

 c. The damages we will pay, where recovery is permitted by law, include damages:

  (1) For:

(a) Which you are liable to a third party by reason of a claim or "suit" against you by that third party to recover the damages claimed against such third party as a result of injury to your "employee";

COMPLAINT FOR DECLARATORY RELIEF – 9

          (b) Care and loss of services; and

          (c) Consequential "bodily injury by accident" or "bodily injury by disease" to a spouse, child, parent, brother or sister or the injured "employee"; and

    (2) Because of "bodily injury by accident" or "bodily injury by disease" to your "employee" that arises out of and in the course of employment, claimed against you in a capacity other than as employer.

…

**ALL OTHER TERMS, CONDITIONS AND EXCLUSIONS REMAIN UNCHANGED**

AP2128US 10-08

 5.5 The Policy contains the following Expected or Intended Injury Exclusion:

**ASSAULT AND BATTERY EXCLUSION**

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE

…

 B. When this endorsement applies to the COMMERCIAL GENERAL LIABILITY COVERAGE FORM, as shown in the SCHEDULE above, **SECTION I – COVERAGES, COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY, 2. Exclusions, paragraph a.** is deleted in its entirety and replaced with the following:

      **a.**      **Expected or Intended Injury**

           "Bodily injury" or "property damage" which is expected or intended by any insured even if the "bodily injury or "property damage":

           (1)    Is of a different kind, quality, or degree than initially expected or intended; or

           (2)    Is sustained by a different person, entity, real or personal property than initially expected or intended.

AP2044US 04-11

5.6    The Policy contains the following Workers' Compensation Exclusion:

    **2.**    **Exclusions**

    …

    **d.**    **Workers' Compensation and Similar Laws**

        Any obligation of the insured under a workers' compensation, disability benefits or unemployment compensation law or any similar law.

CG 00 01 12 07

5.7    The Policy contains the following Employer's Liability Exclusion:

**EXCLUSION – EMPLOYER'S LIABILITY**

This endorsement modifies insurance provided under the following:

ALL COVERAGE PARTS

COMPLAINT FOR DECLARATORY RELIEF – 11

The Employer's Liability exclusion under **SECTION 1-2, Exclusions,** of this policy is deleted and replaced with the following:

The insurance does not apply to any claim, "suit", cost or expense arising out of "bodily injury" to:

    a.    any "employee" of any insured arising out of and in the course of:

        (1)    Employment by any insured; or,

        (2)    Performing duties related to the conduct of any insured's business; or

    b.    The spouse, child, parent, brother, sister or relative of that "employee" as a consequence of Paragraph a. above.

This exclusion applies:

    a.    Whether any insured may be liable as an employer or in any other capacity; and/or

    b.    To any obligation to share damages with or repay someone else who must pay damages because of the injury; and/or

    c.    To liability assumed under any "insured contract".

Wherever the word "employee" appears above, it includes any member, associate, "leased worker", "temporary worker" or any person or person loaned to or volunteering services to you.

AP2032US 05-18.

5.8    The Policy contains the following Assault and Battery Exclusion:

**ASSAULT AND BATTERY EXCLUSION**

COMPLAINT FOR DECLARATORY RELIEF – 12

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE

…

A. When this endorsement applies to the COMMERCIAL GENERAL LIABILITY COVERAGE FORM, as shown in the SCHEDULE above, **SECTION I – COVERAGES, COVERAGE A BODILY INJURY AND PROPERTY DAMAGES LIABILITY, 2. Exclusions** and **SECTION I – COVERAGES, COVERAGE B PERSONAL AND ADVERTISING INJURY LIABILITY, 2. Exclusions** are amended to add the following:

**Assault and Battery**

This insurance does not apply to damages or expenses due t "bodily injury", "property damage" or "personal and advertising injury" arising out of, resulting from, or in connection with:

1. Assault or battery, whether or not caused or committed by or at the instructions or, or at the direction of or negligence of you, any insured, any person, or any causes whatsoever;

2. The failure to suppress or prevent assault or battery by you, any insured, or any person;

3. The failure to provide an environment safe from assault or battery, including but not limited to the failure to provide adequate security, or the failure to warn of the dangers of the environment which could contribute to assault or battery;

4. The negligent employment, investigation, hiring, supervision, training, or retention of any person;

5. The use of any force to protect persons or property whether or not the "bodily injury", "property damage", or "personal and advertising injury" was intended from the standpoint of the insured or committed by or at the direction of any insured;

COMPLAINT FOR DECLARATORY RELIEF – 13

Lether Law Group
1848 Westlake Avenue N, Suite 100
Seattle, WA 98109
P: (206) 467-5444  F: (206) 467-5544

  6. The failure to render or secure medical treatment or care necessitated by any assault or battery;

Assault includes, but is not limited to, assault, sexual abuse, sexual assault, intimidation, sexual harassment, verbal abuse, and any threatened harmful or offensive contact between two or more persons, whether or not caused or committed by or at the instructions of, or at the direction of or negligence of you, any insured, any person, or any causes whatsoever.

Battery includes, but is not limited to, battery, sexual abuse, sexual batter, sexual molestation, and any actual harmful or offensive contact between two or more persons, whether or not caused or committed by or at the instructions of, or at the direction of you, any insured, any person, or any causes whatsoever.

AP2044US 04-11

  5.9 James River reserves the right to assert any other language from the Policy that may be potentially applicable to this matter.

  5.10 In accordance with applicable Washington law, James River now brings this claim for Declaratory Judgment seeking a judicial determination that it does not owe any defense or indemnity obligations to Stage Seattle for some or all of the claims asserted against Stage Seattle in the Underlying Lawsuit.

## VI. THERE ARE ACTUAL AND JUSTICIABLE CONTROVERSIES AS TO THE RIGHTS AND OBLIGATIONS UNDER THE POLICY

  6.1 James River reasserts paragraphs 1.1 through 5.10 and incorporates the same as though fully stated herein.

  6.2 The Policy provides coverage for sums that an insured becomes legally responsible for because of "bodily injury" to which this insurance applies.

  6.3 The Policy further provides that the insurance applies to "bodily injury" only if the "bodily injury" is caused by an "occurrence."

6.4     There is an actual and justiciable controversy as to whether some or all claims asserted against Stage Seattle are for "bodily injury" as that term is defined by the Policy.

6.5     There is an actual and justiciable controversy as to whether some or all claims asserted against Stage Seattle for "bodily injury" involved "bodily injury" caused by an "occurrence" as that term is defined.

6.6     The Policy provides coverage for sums that an insured becomes legally responsible for because of "bodily injury by accident" to an "employee" to which this insurance applies.

6.7     The Policy further provides that the insurance applies to "bodily injury by accident" if the injury was reported and declared under and subject to a "workers' compensation law" of Washington State.

6.8     There is an actual and justiciable controversy as to whether some or all of the claims asserted against Stage Seattle are for "bodily injury by accident" as that term is defined by the Policy.

6.9     There is an actual and justiciable controversy as to whether some or all of the claims asserted against Stage Seattle for "bodily injury by accident" were reported and declared under a Washington State "workers' compensation law" as required by the Policy.

6.10    The Policy explicitly excludes coverage for "bodily injury" that is expected or intended.

6.11    There is an actual and justiciable controversy as to whether the claims for "bodily injury" asserted against Stage Seattle were expected or intended on the part of Stage Seattle.

6.12    The Policy explicitly excludes coverage for any obligation of an insured under a

workers' compensation law or any similar law.

6.13    There is an actual and justiciable controversy as to whether the claims asserted against Stage Seattle fall under obligations under workers' compensation or similar law.

6.14    The Policy explicitly excludes coverage for any claim or "suit" arising out of "bodily injury" to an "employee" of any insured arising and in the course of the employee's employment by an insured.

6.15    There is an actual and justiciable controversy as to whether the claims for "bodily injury" asserted against Stage Seattle arose from an incident involving an "employee" working within the scope of their employment.

6.16    The Policy explicitly excludes coverage for "bodily injury" arising out of any act of "assault" or "battery," as those terms are defined by the Policy.

6.17    There is an actual and justiciable controversy as to whether the claims for "bodily injury" asserted against Stage Seattle arose out of an act of "assault" or "battery."

6.18    James River reserves the right to assert any other policy language or policy coverage forms that may be potentially applicable to the Underlying Lawsuit.

## VII.   CLAIM FOR DECLARATORY JUDGMENT

7.1    James River reasserts Paragraphs 1.1 through 6.18 and incorporates the same as though fully set forth herein.

7.2    Actual and justiciable controversies exist as to whether James River has an obligation to defend Vin Group under the Policy with regard to the claims asserted against Vin Group in the Underlying Lawsuit.

7.3    Actual and justiciable controversies exist as to whether James River has an

obligation to indemnify Vin Group under the Policy with regard to the claims asserted against Vin Group in the Underlying Lawsuit.

7.4   Actual and justiciable controversies exist as to whether James River has an obligation to defend Regupathy under the Policy with regard to the claims asserted against Regupathy in the Underlying Lawsuit.

7.5   Actual and justiciable controversies exist as to whether James River has an obligation to indemnify Regupathy under the Policy with regard to the claims asserted against Regupathy in the Underlying Lawsuit.

7.6   Pursuant to and in accordance with 28 U.S.C. § 2201, James River requests this Court grant declaratory relief in its favor and enter a judicial determination that James River does not have an obligation to provide any defense coverage or indemnity obligations to Stage Seattle under the Policy with regard to the claims asserted against Stage Seattle in the Underlying Lawsuit.

## VIII.   PRAYER FOR RELIEF

1.   For a determination of the rights and obligations of the parties hereto under the James River Policy.

2.   For a judicial declaration that James River owes no defense obligations to Vin Group for any claims asserted against it in the Underlying Lawsuit.

3.   For a judicial declaration that James River owes no indemnity obligation to Vin Group under the James River Policy for any claims asserted against it in the Underlying Lawsuit.

4.   For a judicial declaration that James River owes no defense obligations to Regupathy for any claims asserted against them in the Underlying Lawsuit.

5. For a judicial declaration that James River owes no indemnity obligations to Regupathy for any claims asserted against them in the Underlying Lawsuit.

6. For a judicial declaration that Henderson is bound by any judicial declarations in this matter involving the James River Policy.

7. For all interest allowed by law.

8. For attorneys' fees and costs allowed by statute and law.

9. For other and further relief as the Court deems just and equitable.

Dated this 4th day of August 2025.

                LETHER LAW GROUP

*/s/ Thomas Lether*
Thomas Lether, WSBA #18089
*/s/ Michael R. Morgan*
Michael R. Morgan, WSBA #60419
1848 Westlake Avenue N, Suite 100
Seattle, WA 98109
P: (206) 467-5444/F: (206) 467-5544
tlether@letherlaw.com
mmorgan@letherlaw.com
*Attorneys for James River Insurance Company*