UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JAMES RIVER INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>VIN GROUP, LLC d/b/a STAGE SEATTLE, ANANDKUMAR REGUPATHY, and TYRONE HENDERSON,<br><br>Defendants. | CASE NO. 2:25-cv-01457-TL<br><br>ORDER ON MOTION TO DISMISS |

This matter is before the Court on Defendant Tyrone Henderson's Motion to Dismiss. Dkt. No. 14. Having reviewed the motion, Plaintiff James River Insurance Company's ("James River") response (Dkt. No. 24), and the relevant record (Defendant Henderson did not file a reply brief), the Court DENIES the motion.

# I. Background

This case stems from a shooting at a nightclub in Seattle, Washington, that occurred on or about January 1, 2022, and a state-court civil action that arose out of that incident. *See* Dkt. No. 1 (Complaint) ¶¶ 4.8–4.10. Plaintiff James River is an insurer that issued an insurance policy to Defendant Vin Group, a limited liability company that operated the Stage Seattle nightclub. *See id.* ¶¶ 3.1, 4.4. During the time period relevant to this case, Defendant Tyrone Henderson was employed by Defendant Vin Group as a General Manager at Stage Seattle, under the direct supervision of Defendant Anandkumar Regupathy. *Id.* ¶ 4.4. On or about January 1, 2022, while he was working as General Manager at Stage Seattle, Defendant Henderson was shot when a firearm discharged during an altercation in the nightclub. *See id.* ¶ 4.9. Defendant Henderson sustained physical injury. *See id.* ¶ 4.10.

On December 30, 2024, Defendant Henderson sued his employer, Defendant Vin Group, and his supervisor, Defendant Regupathy, in King County Superior Court ("the underlying lawsuit"). *See id.* ¶ 4.3. On April 11, 2025, Plaintiff James River received notice of the underlying lawsuit. *Id.* ¶ 4.13. On May 23, 2025, Plaintiff James River agreed to defend Defendants Vin Group and Regupathy in the underlying lawsuit, subject to an express reservation of rights. *Id.* ¶ 4.14.

On August 4, 2025, Plaintiff James River filed the instant lawsuit, seeking declaratory judgment as to its duty to defend and duty to indemnify Defendants Vin Group and Regupathy in the underlying lawsuit. Dkt. No. 1. On November 17, 2025, Defendant Henderson filed the instant motion to dismiss, arguing that Plaintiff James River lacks standing and that, consequently, this Court lacks subject-matter jurisdiction over this case. Dkt. No. 14 at 4. Defendant Henderson also argues that Plaintiff James River has failed to state a claim upon which relief can be granted. *Id.* at 5. Alternatively, Defendant Henderson requests that the Court

stay this case until the underlying lawsuit is resolved. *See id.* at 5.

## II. Legal Standard

### A. Standing

Federal courts are constrained by the case-and-controversy requirement of Article III, which limits the jurisdiction of federal courts to cases where plaintiffs have established standing. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). "Standing" exists where a plaintiff is entitled to bring their claims before the court; it is an essential ingredient of determining a court's jurisdiction. *See Perry v. Newsom*, 18 F.4th 622, 630–31 (9th Cir. 2021). In order to have standing to bring a lawsuit, a plaintiff must demonstrate an injury that is (1) "concrete, particularized, and actual or imminent" (an "injury-in-fact"), (2) "fairly traceable to the challenged action," and (3) "redressable by a favorable ruling." *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 409 (2013). "The party invoking federal jurisdiction bears the burden of establishing these elements." *Lujan*, 504 U.S. at 561.

### B. Failure to State a Claim

A defendant may seek dismissal when a plaintiff fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). In reviewing a Rule 12(b)(6) motion to dismiss, the Court takes all well-pleaded factual allegations as true and considers whether the complaint "state[s] a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). While "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are insufficient, a claim has "facial plausibility" when the party seeking relief "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 672. When reviewing a dismissal pursuant to Rule 12(b)(6), "we accept as true all facts alleged in the complaint and construe them in the

light most favorable to plaintiff[], the non-moving party." *DaVinci Aircraft, Inc. v. United States*, 926 F.3d 1117, 1122 (9th Cir. 2019) (alteration in original) (quoting *Snyder & Assocs. Acquisitions LLC v. United States*, 859 F.3d 1152, 1156–57 (9th Cir. 2017)).

## III. DISCUSSION

### A. Standing

Ninth Circuit precedent clearly supports an insurer's standing when it "s[eeks] a declaration regarding its duty to defend and indemnify its insured in a pending state court liability suit." *Am. States Ins. Co. v. Kearns*, 15 F.3d 142, 144 (9th Cir. 1994); *see Aetna Cas. & Sur. Co. v. Merritt*, 974 F.2d 1196, 1199 (9th Cir. 1992) ("We know of no authority for the proposition that an insurer is barred from invoking diversity jurisdiction to bring a declaratory judgment action against an insured on an issue of coverage."). In *Kearns*, under similar circumstances to those presented here, the Ninth Circuit concluded that "there was a case or controversy when [the insurer] brought its declaratory judgment action to establish whether it had a duty to defend and to indemnify [its insured]." *Kearns*, 15 F.3d at 144. Defendant Henderson has not presented the Court with any persuasive reason to depart from this precedent, and the Court need not consider the issue any further.

### B. Failure to State a Claim

Defendant Henderson asserts three bases for dismissal. First, Defendant Henderson argues that Plaintiff James River's pleading is deficient because it does not adequately represent the relevant insurance policy at issue. Defendant Henderson asserts, "James River's selective quotations of supposed policy language are unsupported by any exhibit or affidavit. Without the complete, executed policy, the complaint lacks the essential element of a valid insurance contract." Dkt. No. 14 at 5.

In support of this assertion, Defendant Henderson cites to Federal Rule of Civil Procedure 10(c). *See id.* Rule 10(c), however, supports the adequacy of Plaintiff James River's pleading, not its inadequacy. The Rule provides, in part, that "[a] statement in a pleading may be adopted by reference elsewhere in the same pleading *or in any other pleading or motion*." Fed. R. Civ. P. 10(c) (emphasis added). The policy, that is, need not be attached to the complaint to form the basis of a claim pleaded therein. As the Ninth Circuit has held, "Even if a document is not attached to a complaint, it may be incorporated by reference into a complaint if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim." *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003). That is clearly the case here, where verbatim excerpts from the policy comprise more than half of Plaintiff James River's pleading. *See* Dkt. No. 1 at 5–14. Moreover, Plaintiff James River has provided a copy of the relevant policy as an exhibit in support of its opposition to Defendant Henderson's motion. Dkt. No. 25-1. In any event, the *existence* of the relevant policy is eminently clear. Whether it truly says what Plaintiff James River says it does—or whether the copy of the policy that Plaintiff James River has provided is valid—are questions for summary judgment.

Second, Defendant Henderson argues that before this Court can render a judgment on the applicability of the policy, there are factual disputes that must be resolved in the underlying lawsuit. *See* Dkt. No. 14 at 5. This, too, is unavailing, because in Washington, "[t]he duty to defend generally is determined from the 'eight corners' of the insurance contract and the underlying complaint." *Expedia, Inc. v. Steadfast Ins. Co.*, 180 Wn.2d 793, 803, 329 P.3d 59 (2014); *e.g.*, *Mesa Underwriters Specialty Ins. Co. v. Razorhone, LLC*, 762 F. Supp. 3d 1033, 1042–43 (W.D. Wash. 2025). Moreover, the Washington Supreme Court has expressly endorsed Plaintiff James River's approach here: "If the insurer is unsure of its obligation to defend in a given instance, it may defend under a reservation of rights while seeking a declaratory judgment

that it has no duty to defend." *Truck Ins. Exch. v. Vanport Homes, Inc.*, 147 Wn.2d 751, 761, 58 P.3d 276 (2002).

Third, Defendant Henderson appears to argue that the Court lacks diversity jurisdiction, asserting that there is a "[s]peculative amount in controversy." Dkt. No. 14 at 3. "In a declaratory relief action, the amount in controversy for diversity jurisdiction purposes is 'the value of the object of the litigation.'" *Cincinnati Specialty Underwriters Ins. Co. v. Red Rock Hounds*, 511 F. Supp. 3d 1105, 1110 (D. Nev. 2021) (quoting *Hunt v. Wash. State Apple Advert. Comm'n*, 432 U.S. 333, 347 (1977)). "When an insurer contests the applicability of its liability coverage to a particular issue, the value of the object in litigation is 'the value of the underlying potential tort action.'" *Id.* (quoting *Budget Rent-a-Car, Inc. v. Higashiguchi*, 109 F.3d 1471, 1473 (9th Cir. 1997)). In its pleading, Plaintiff James River alleges, "Given the exposure present in the Underlying Lawsuit, the amount in controversy for this matter is the limit of the James River Policy issued to Vin Group, $1 million." Dkt. No. 1 ¶ 3.3. "When a plaintiff invokes federal-court jurisdiction, the plaintiff's amount-in-controversy allegation is accepted if made in good faith." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 87 (2014). Absent any allegation or evidence of Plaintiff James River's bad faith, and in light of the $1 million policy limit, the Court accepts the amount-in-controversy, as alleged, for the purpose of establishing diversity jurisdiction.

**C. *Wilton/Brillhart* Doctrine**

Defendant Henderson also asserts that, under *Brillhart v. Excess Insurance Co.*, 316 U.S. 491 (1942), and *Wilton v. Seven Falls Co.*, 515 U.S. 277 (1995), the Court should dismiss—"or, at a minimum, stay[]"—this case. Dkt. No. 14 at 2. The "so-called *Wilton/Brillhart* doctrine" gives "a district court . . . discretion to dismiss a federal declaratory judgment action when 'the questions in controversy . . . can be better settled in' a pending state court proceeding." *R.R.*

*Street & Co. Inc. v. Transport Ins. Co.*, 656 F.3d 966, 975 (9th Cir. 2011) (quoting *Brillhart*, 316 U.S. at 495). "[A] district court may decline to entertain a federal declaratory judgment action when state court proceedings 'present[] opportunity for ventilation of the same state law issues.'" *Id.* (quoting *Wilton*, 515 U.S. at 290). The doctrine considers three factors: (1) determination of state-law issues; (2) forum shopping; and (3) duplicative litigation. *See id.* at 975–76.[1]

As to the first factor, Defendant Henderson argues that "[t]he case involves purely Washington insurance contract principles—issues squarely within state-court competence." Dkt. No. 14 at 3. Certainly, Washington insurance law is "squarely within state-court competence." But Plaintiff James River has properly invoked this Court's jurisdiction and has opted to pursue its claims in federal court. That these claims might also have been brought in state court is not necessarily grounds for this Court to disqualify itself. "The first *Brillhart* factor governs in favor of a stay '[i]f the coverage claim necessitates determinations of unsettled issues of state law.'" *First Mercury Ins. Co. v. Great Divide Ins. Co.*, 203 F. Supp. 3d 1043, 1054 (N.D. Cal. 2016) (quoting *Hanover Ins. Co. v. Paul M. Zagaris, Inc.*, No. C16-1099, 2016 WL 3443387, at *4 (N.D. Cal. June 23, 2016)). Here, Washington law governing an insurer's duty to defend and duty to indemnify its insured is not unsettled. *See, e.g.*, *Expedia*, 180 Wn.2d 793; *Truck Ins. Exch.*, 147 Wn.2d 751. Nor are "the issues concerning insurance coverage . . . particularly complex or novel." *Hanover Ins.*, 2016 WL 3443387, at *4.

As to the second factor, Defendant Henderson accuses Plaintiff James River of forum

[1] In addition, the Ninth Circuit has suggested other considerations that may weigh in favor of a district court's decision to dismiss or stay an action for declaratory relief: whether the declaratory action will settle all aspects of the controversy; whether the declaratory action will serve a useful purpose in clarifying the legal relations at issue; whether the declaratory action is being sought merely for the purposes of procedural fencing or to obtain a res judicata advantage; whether the use of a declaratory action will result in entanglement between the federal and state court systems; the convenience of the parties; and the availability of and relative convenience of other remedies. *First Mercury Ins. Co. v. Great Divide Ins. Co.*, 203 F. Supp. 3d 1043, 1050–51 (N.D. Cal. 2016) (citing *Gov't Emps. Ins. Co. v. Dizol*, 133 F.3d 1220, 1225 n.5 (9th Cir. 1998)).

shopping, asserting that "James River bypassed Washington's courts to seek a more favorable forum while the underlying tort case proceeds in King County." *Id.* But Defendant Henderson provides no authority to substantiate this assertion, and it is unclear why Defendant Henderson has peremptorily concluded that this Court represents a more favorable forum for Plaintiff James River than Superior Court. Determining whether an insurer has a duty to defend and duty to indemnify its insured is standard fare for a federal court; such declaratory actions are common and generally unremarkable. *See, e.g.*, *Scottsdale Ins. Co. v. Corp. Recoveries Inc.*, No. C25-728, 2026 WL 2654889 (W.D. Wash. Sept. 9, 2026); *State Farm Fire & Cas. Co. v. Hevner*, No. C25-98, 2025 WL 860820 (W.D. Wash. Mar. 19, 2025); *Stillwater Ins. Co. v. Wang*, No. C24-1531, 2025 WL 822581 (W.D. Wash. Mar. 13, 2025). Defendant Henderson does not assert anything that might distinguish this case from similar cases where courts in this District have issued declaratory judgment on an insurer's duty to defend and duty to indemnify. Moreover, "[t]here is no indication in the instant case that Plaintiff [James River] seeks to avoid any adverse ruling in state court[.]" *First Mercury*, 203 F. Supp. 3d at 1054.

As to the third factor, Defendant Henderson raises the specter of "[d]uplicative litigation and inconsistent rulings." *Id.* But as Plaintiff James River points out, the underlying lawsuit concerns tort liability and damages; this case concerns the scope of the insurer's duty to its insured. *See* Dkt. No. 24 at 1–2; *see also First Mercury*, 203 F. Supp. 3d at 1054 ("Plaintiff's claim for a declaratory judgment regarding . . . [a] duty to defend in the state court action is not duplicative of any of the issues in the state court action."). What is more, without the state-court complaint—which Defendant Henderson has not provided—the Court cannot determine how much overlap there may or may not be between the two cases. On the face of the complaint in this case, it appears that this Court and the state court will be considering decidedly different

issues. *See generally* Dkt. No. 1. And if that is not, in fact, the case, Defendant Henderson's threadbare argument here does not demonstrate as much.

Finally, as to the additional considerations referenced in *First Mercury*, *see supra* note 1, Defendant Henderson has not provided anything more than a few cursory sentences, and he does not specifically invoke any of them. *See* Dkt. No. 14 at 3. The Court will not make Defendant Henderson's argument for him. *See Indep. Towers of Wash. v. Washington*, 350 F.3d 925, 929 (9th Cir. 2003) ("Our adversarial system relies on the advocates to inform the discussion and raise the issues to the court."); *see also Suong v. Bondi*, No. C25-2309, 2025 WL 3718644, at *5 (W.D. Wash. Dec. 23, 2025) ("[P]ursuant to the party presentation doctrine, the Court will not invent arguments for" petitioner.).

In sum, the *Brillhart* factors weigh in favor of the Court's consideration of this case.

**D. Stay**

Finally, the Court considers Defendant Henderson's alternative argument regarding a stay. In determining the propriety of a stay, Ninth Circuit courts consider three factors: (1) "the possible damage which may result from the granting of a stay"; (2) "the hardship or inequity which a party may suffer in being required to go forward"; and (3) "the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005) (quoting *CMAX, Inc. v. Hall*, 300 F.2d 265 (9th Cir. 1962)). Defendant Henderson does not substantively address any of these factors in his motion and, again, the Court will not fill in the gaps. *See Indep. Towers of Wash.*, 350 F.3d at 929. The Court therefore declines to stay the case.

## IV. CONCLUSION

Accordingly, it is hereby ORDERED:

(1) Defendant Henderson's motion to dismiss (Dkt. No. 14) is DENIED.

(2) The Parties SHALL meet and confer, then jointly submit a proposed case schedule **no later than October 20, 2026.**

Dated this 30th day of September 2026.

Tana Lin
United States District Judge